Curia, per Frost, J.
The first ground of appeal is opposed to the well settled rule, that the declarations of a party cannot be introduced in evidence to rebut admissions made by him at a different time. The rule, that all the admissions of a party must be taken together, is limited to all that was said at the time to which the evidence of the opposite party refers ; Edwards vs. Ford, 2 Bail. 461.
J. B. Reed, a witness for the defendant, had testified that he had lost large sums of money by gaming. With *177 a view to discredit this witness, he was interrogated on his cross examination by the plaintiff, whether he had not made contrary declarations, which he denied. The plaintiff, in his evidence in reply, proved the declarations of Reed, that he had been fortúnate and had made money by his adventures in the lotteries. After the evidence of the plaintiff in reply was closed, the defendant offered a witness to prove Reed’s assertions, at another time, that he had lost money by the lotteries. The rejection of this evidence is the subject of the second ground of appeal.
The question involves the general course of examination in a cause. The rules which direct the examination of a single witness, do also, in a great degree, prevail in the production of proof by the parties, in support of the issue. In the direct examination of the witness, by the party producing him, all material facts are to be brought out in the first instance. On the cross examination, by the adverse party, he must elicit and produce all that he may require of the witness; and in the examination in reply, the party producing the witness is strictly confined to the examination of matters adduced by the cross examination.- No new question can be put in reply, unconnected with the cross examination, by the party producing the witness ; and the adverse party cannot enlarge or explain the proof obtained on the cross examination, nor supply any omissions. So in regard to the entire cause. In Braydon vs. Goulman, 1 Munroe, 115, it is laid down, that the admission of new witnesses after the parties professed to have gone through their evidence, it may readily be conceded, is against the strict practice, which ought generally to be adhered to in such cases. In strict practice, he who has the affirmative, ought to introduce all the evidence to make out his side of the issue; then the evidence of the negative side is heard; • and, finally, the rebutting proof of the affirmative, which closes the investigation.
It cannot be objected to the application of the rule to a case like the present, that it may subject the defendant to surprise ; for if it is intended to offer evidence of contradictory declarations of a witness, for the purpose *178 exciting doubt and distrust against his testimony, as to the particular transaction on which the discrepancy arises, or to raise suspicion as to the truth of his testimony in general, it is necessary, in the first instance, to prepare the way for its admission, by cross examining the witness as to the supposed contradictory statements which are after-wards to be brought forward against him; 1 Phil. Ev. 293. An opportunity is thus afforded to the party of sustaining the credit of his witness, by an explanation of the nature and particulars of any statements which he may have made. In 1 Phil. Ev. 307, it is affirmed that “it has been doubted with good reason” whether the party who called might shew that the witness had said the same thing on other occasions, and that he is consistent with himself. In 2 Phil. Ev. by C. & H. p. 771, note 533, many American decisions are collected, to shew that consistent declarations of a witness may be produced to maintain his credit against proof of contradictory declarations. If they were admissible in this case, the defendant should have offered proof of them before he closed his evidence; which he had notice and opportunity to do. The motion is dismissed.
O’Neall, Evans, Butler and Wardlaw, JJ. concurred.